# UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| James Doe         ) | |
|     , Plaintiff    ) | |
|                   ) | |
| v.                ) | Case No. 1:22-CV-00195-PB |
|                   ) | |
| West Alton Marina, LLC, et al    ) | |
|     , Defendants ) | |

## MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

**Now comes**, the Defendant, **Deirdre Tibbetts**, by and through counsel and moves to dismiss the count against her and states in support thereof as follows:

### STATEMENT OF FACTS

1. This case arises out of an employment scenario where plaintiff alleges that he was sexually harassed and "assaulted" by an employee, John Murray (hereinafter "Murray").
2. The business in question is the West Alton Marina in Alton Bay, NH.
3. The only count against Defendant, Deirdre Tibbetts (hereinafter "Tibbetts"), individually, is one for intentional infliction of emotional distress.
4. Plaintiff claims that Tibbetts was an owner of West Alton Marina and that Plaintiff was an employee.
5. Plaintiff alleges that Murray 1) Slapped his buttocks, kissed his head and kissed his neck (no dates ascribed), 2) asked him about his sexual preference during the hiring process and 3) showed Plaintiff "sexual videos of him" (no dates ascribed).

1

6. Nowhere does Plaintiff allege that Tibbetts was on <u>actual notice</u> of any of this conduct other than conclusory statements that she "knew or should have known".

7. Plaintiff instead claims that, "upon information and belief, Fortier and the other owners had knowledge of allegations regarding Murray's harassment, abuse, assault of prior subordinate employees" and that his "put them on notice that Murray should not be a position of power and authority over subordinate employees". (See ¶ 38 and 39 of Plaintiff's complaint) <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929  (2007)("A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.")

8. Plaintiff also complains that West Alton Marina failed to have a company policy against sexual harassment.

9. No where in Plaintiff's complaint does Plaintiff allege that Tibbetts, individually, did anything to this Plaintiff.

10. Plaintiff's action amounts to a complaint that a part owner of a company failed to appreciate and correct that one of its employees was sexually harassing another employee.

## PROCEDURE

11. The Defendant, Deirdre Tibbetts, moves to dismiss Count VIII against her as it fails to state a claim upon which relief can be granted. FRCP 12(b)(6).

## STANDARD OF REVIEW

12. "The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery." <u>Beane v. Dana S. Beane & Co., P.C.</u>, 160

N.H. 708, 711 (2010) (quoting *Perez v. Pike Industries*, 153 N.H. 158, 159 (2005)). Although principally resting on the facts alleged in the pleadings, the Court may also consider "documents the authenticity of which are not disputed by the parties [such as] official public records [or] documents sufficiently referred to in the complaint." Id. (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

13. To survive a Rule 12(b) motion to dismiss, the complaint must assert a plausible claim, and set forth sufficient factual allegations to support the claim. *Ascroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-1950, 173 L.Ed.2d 868 (2009)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

14. In considering a motion to dismiss pursuant to Rule 12(b)(6), a court must accept as true the well-pleaded factual allegations set forth in the complaint and draw all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). In so doing, the Court need not give "credence to plaintiff's conclusory allegations" or legal conclusions offered as pleadings. *Cantor Fitzgerald v. Lutnick*, 313 F.3d 704, 709 (2d Cir. 2002) (internal quotation marks omitted). Indeed, the court should begin by "identifying pleadings that, because they are well-pleaded factual allegations exist, the court must then determine whether they plausibly give rise to an entitlement for relief. *Id*.

15. "[C]onclusory allegations of law and unwarranted inferences" are insufficient. *Associated Gen'l Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). A complaint must state "evidentiary facts which, if true, will prove [the claim]," *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008), otherwise it will be dismissed. *See Watson v. Weeks*, 436 F.3d 1152, 1157 (9th Cir. 2006).

3

## ARGUMENT

16. The only Count contained in Plaintiff's writ that alleges a cause of action against Ms. Tibbetts, is count VIII which alleges Intentional Infliction of Emotional Distress.

17. "In order to make out a claim for intentional infliction of emotional distress, a plaintiff must allege that a defendant by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to another. In determining whether conduct is extreme and outrageous, it is not enough that a person has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice. Rather, liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. _Tessier v. Rockefeller_, 162 N.H. 324, 341 (2011) (internal quotation marks and alterations omitted).

18. "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"..." Restatement of Torts § 46; _Morancy v Morancy_, 134 NH 493(1991)(New Hampshire looks to section 46 of the restatement of torts to define the tort of Intentional Infliction of Emotional Distress)

19. Whether conduct rises to the level of "extreme and outrageous" can be determined by the court as a matter of law. *See, e.g.*, <u>Konefal</u>, 143 N.H. at 260-61 (upholding trial court's dismissal of intentional infliction of emotional distress claim for failing to meet "extreme and outrageous" standard).

20. Tibbetts' conduct does not rise to the level, "*as to go beyond all possible bounds of decency*" and for that reason must be dismissed. <u>Tessier v Rockefeller</u>, 162 NH 324(2011)

21. Defendant, a 60-year-old woman, one of three sibling owners of a small family run business. Her inability to understand that sexual harassment is occurring is and/or to properly handle it, does not rise to the level of outrageousness required to make a claim for intentional infliction of emotional distress.

22. Plaintiff has made many claims against the business and against John Murray, but this count against Tibbetts, individually, is overreaching.

23. Plaintiff never alleges that Tibbetts harassed or abused him in any way.

24. The only complaint that he makes against Ms. Tibbetts individually is in Count VIII alleging that she knew or *should have known* of Murray's harassment but failed to stop it and continued to allow Murray access to resources (i.e., kept him employed)

25. Whether conduct rises to the level of "extreme and outrageous" can be determined by the court as a matter of law. *See, e.g.*, <u>Konefal</u>, 143 N.H. at 260-61 (upholding trial court's dismissal of intentional infliction of emotional distress claim for failing to meet "extreme and outrageous" standard).

26. Plaintiff does not allege a single incident that suggests that Ms. Tibbetts conspired with Murray, joined with him or encouraged him to harass Plaintiff.

27. If true, her conduct may have been poor management but certainly does not rise to the level of going "beyond all possible bounds of decency".

## **CONCLUSION**

28. Everything alleged by Plaintiff, even if true, falls far short of the "extreme and outrageous" actions required to sustain a claim of intentional infliction of emotional distress.

29. As such, the Plaintiff's claim is fatally flawed and destined to fail, and thus the case against Deirdre Tibbetts individually should be dismissed to spare the litigants the burdens of unnecessary pretrial and trial activity. *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993), reh'g en ban denied.

**WHEREFORE**, the Defendant, Deirdre Tibbetts, by and through counsel, prays this Honorable Court for the following relief:

A. That this Court dismiss Count VIII as it pertains to Deirdre Tibbetts individually;

B. That this Honorable Court grant the Defendant such varied and other relief as it deems just and meet.

Respectfully submitted;
**Deirdre Tibbetts;**
By and through her attorneys;
Sakellarios Legal,

Dated: 06/28/2022

/s/Olivier Sakellarios
Olivier Sakellarios, Esquire
NHBA No. 14928
Sakellarios & Associates, L.L.C.
195 Elm Street
Manchester, NH 03101
(603) 669-1663

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was this day served on all parties via the Court's efile system.


Dated: 06/28/2022                                    /s/Olivier Sakellarios